UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUREL B., : | |
| : | |
| Petitioner, : | Civ. No. 20-3430 (KM) |
| : | |
| v. : | |
| : | |
| THOMAS DECKER, *et al.*, : | **OPINION** |
| : | |
| Respondents. : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.     INTRODUCTION

Petitioner, Durel B.,[1] is an immigration detainee currently held at the Hudson County Correctional Center ("HCCC"), in Kearny, New Jersey. He is proceeding by way of counsel with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE 22-1.) Having previously granted Petitioner's motion for a temporary restraining order, the Court must now decide Petitioner's request for a preliminary injunction. (DE 38.) For the reasons set forth below, Petitioner's request will be granted. This opinion incorporates by reference my prior opinion granting temporary injunctive relief, supplementing only as necessary.

## II.     BACKGROUND

Petitioner previously filed a Motion for an Order to Show Cause, Preliminary Injunction, and Temporary Restraining Order ("TRO") seeking his release from custody. (DE 24). On April 21, 2020, I granted Petitioner's request for a TRO, finding that he had shown a likelihood of success on his conditions of confinement claim and that he would more likely than not face

---

[1]     Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

irreparable harm if his detention continued. (DE 34; DE 35.) I subsequently scheduled a hearing to determine whether the TRO should be converted into a preliminary injunction. Petitioner and Respondents submitted supplemental briefs and affidavits, and presented oral argument on May 18, 2020. (DE 38; DE 39; DE 40.)

### A. Petitioner's Background

Petitioner is a 23-year-old native and citizen of Belize. (DE 27-6 at 3.) He has been charged with removability for overstaying a visa which expired on January 21, 2004. (DE 27-5 at 3.) Petitioner is subject to a final order of removal. (DE 29 at 23.) Petitioner has appealed this decision, however, to the United States Court of Appeals for the Second Circuit. *See Durel B. v. Barr*, No. 20-1369 (2d Cir. filed Apr. 24, 2020). The case is currently pending. *See generally id.*

Petitioner has previously been convicted of attempted assault and is current has charges pending for the offenses of kidnapping, sex trafficking, promoting prostitution, criminal sexual act, assault, unlawful imprisonment, criminal obstruction of bread or blood circulation, and petit larceny. (DE 27-6 at 10–13.)

Petitioner suffers from Posttraumatic Stress Disorder ("PTSD") and Unspecified Schizophrenia Spectrum and Other Psychotic Disorder. (DE 23 at 25.) Significantly, the antipsychotic medication Petitioner takes for his conditions compromises his immune system, making it more difficult for his body to fight off infection. (DE 24 at 10; DE 23 at 26.)

### B. Conditions at HCCC

In their brief opposing a preliminary injunction, Respondents provide an updated declaration from Ron Edwards, the Direction of the Hudson County Department of Corrections and Rehabilitation. (DE 39-1.) This amended declaration largely mirrors Mr. Edwards' prior declaration, but supplements and updates it. (*Compare* DE 30-1, *with* DE 39-1.) The updated

information includes that COVID-19 test results are now returned within 72 hours and that individuals with health conditions identified by the CDC as being at higher risk for serious illness or death from COVID-19 are being housed by themselves. (DE 39-1 at 8, 11.) Importantly, the amended declaration also provides recent numbers of confirmed cases of COVID-19 at the facility. (*Id.* at 10.) Since the prior declaration, eight more ICE detainees, three more county and federal inmates, and 27 more staff members have tested positive. (*Id.*) Tragically, another staff member has also died from complications due to COVID-19. (*Id.*) Out of 104 inmates and detainees who have been tested for the virus, roughly 41% have tested positive. (*Id.*) Approximately 40% of correctional staff who have been tested have received positive results as well. (*Id.*)

### III. LEGAL STANDARDS

To obtain a preliminary injunction, a petitioner must provide a "threshold" showing of two critical factors: (1) a likelihood of success on the merits of his claim; and (2) that he is "more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). A likelihood of success on the merits requires "a showing significantly better than negligible but not necessarily more likely than not." *See id.* Additionally, "[h]ow strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *Id.* at 178 (quoting *Hoosier Energy Rural Elec. Coop., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009)). If these two "gateway factors" are met, then the Court considers the remaining two factors which aim to balance the equities of the parties: "the possibility of harm to other interested persons from the grant or denial of the injunction," and "the public interest." *Id.* at 176 (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The Court considers,

"in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

## IV. DISCUSSION

Based upon the evidence presented, the conditions at HCCC do not appear to have substantially changed since I issued the order granting Petitioner's request for a TRO. It is not necessary to resolve factual disputes about, *e.g.,* how often surfaces are cleaned. The critical point is that the number of confirmed COVID-19 has continued to increase. (*Compare* DE 30-1 at 10, *with* DE 39-1 at 10.) The number of detainees infected with the virus has doubled since the Court's prior opinion and 27 additional staff members have tested positive. (*Compare* DE 30-1 at 10, *with* DE 39-1 at 10.) Tragically, another staff member has died from complications due to COVID-19. (DE 39-1 at 10.)

Although the efforts of HCCC have been substantial and sincere, the number of cases continues to climb and difficulties adhering to CDC guidelines may still exist. Meanwhile, Petitioner's medical condition remains the same. (DE 38 at 1.) His compromised immune system places him at higher risk of serious illness if he contracts COVID-19. *See* Ctrs. for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 22, 2020).

Given these considerations, I find that nothing in the record before the Court alters my prior decision.[2] The significant rise in confirmed COVID-19 cases has only enhanced Petitioner's

---

[2] In support of their argument in opposition to the preliminary injunction, Respondents cite to other opinions within this district which have found that the conditions at HCCC were constitutional. (DE 39 at 1.) Neither of the cases cited, however, included petitioners who were found to be medically vulnerable. *See Carmen R. v. Decker*, Civ. No. 20-3675, 2020 WL 2029337 (D.N.J. Apr. 28, 2020) (finding that petitioner lacked "adequate documentation to substantiate an asthma diagnosis"); *see Jorge V.S. v. Green*, Civ. No. 20-3675, 2020 WL 1921936 (D.N.J. Apr. 21, 2020) (finding that petitioner had no "pre-existing serious medical condition"). Thus, those

likelihood of success on the merits of his conditions of confinement claim and, if anything, the irreparable harm to Petitioner's health has increased as well. I recognize that Respondents have a legitimate interest in enforcing immigration laws, ensuring Petitioner does not abscond, and protecting the public. At the same time, the harm to Petitioner if he remains detained is grave and he has been compliant with the conditions of his release. Thus, I believe Respondents' concerns and Petitioner's interests can be balanced with continued appropriate conditions of release. The specific conditions of his release are set forth in the Order accompanying this Opinion, which adopts the proposed order jointly submitted by the parties. (DE 43.)

## V.   CONCLUSION

For the foregoing reasons, Petitioner's request for a preliminary injunction (DE 38) will be granted. An appropriate Order accompanies this Opinion.

DATED: May 22, 2020

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge

---

cases are dissimilar to the one at bar, where Petitioner has a compromised immune system, placing him at higher risk for serious illness or death if he becomes infected.